IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-02598-TLP-cgc ) ) |
| POWERS L. MANLEY, | ) ) |
| Defendant. | ) |

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

The United States of America sued Defendant Powers L. Manley for payment of overdue federal taxes in August 2020.  (ECF No. 1.)  The Government now moves for summary judgment.  (ECF No. 17.)  Defendant responded but then withdrawn his response to the motion.[1]  (ECF Nos. 18 & 23.)  For the reasons below, the Court **GRANTS** the Government's motion for summary judgment.

### BACKGROUND

The United States filed a statement of undisputed facts and Defendant responded.  (ECF Nos. 17-1 & 18-1.)  But Defendant then withdrew his response.  (ECF No. 23.)  As a result, these facts are undisputed.

In August 2020, the Government sued Defendant to collect income taxes, interest, and penalties assessed against him for the years 2005, 2007, 2009, 2015, and 2018.  (ECF No. 1 at

---

[1] Defendant's notice states that "based upon information provided by the United States and further review of the legal authorities, [Defendant] is withdrawing his Response in Opposition to the Plaintiff's Motion for Summary Judgment."  (ECF No. 23 at PageID 120.)

PageID 2.)  The Internal Revenue Service ("IRS") assessed unpaid income taxes against Defendant in the amount of $212,444.00 for 2005, $244,242.00 for 2007, $154,543.00 for 2009, $43,186.00 for 2015, and $4,746.00 for 2018.[2]  (ECF Nos. 17-3 at PageID 57; 17-7 at PageID 88, 90, 92, 94, 99.)  The IRS sent notice and demand for payment to Defendant.  (ECF Nos. 17-3 at PageID 57; 17-4 at PageID 59–69.)

Based on the unpaid income taxes and resulting statutory additions, as of August 9, 2021, Defendant had an outstanding balance of $440,271.22 for 2005, $543,769.46 for 2007, $237,165.36 for 2009, $52,048.16 for 2015, and $7,419.54 for 2018.[3]  (ECF Nos. 17-3 at PageID 57; 17-4 at PageID 59, 62, 64, 66, 68.)  This leaves a total outstanding balance of $1,280,673.74, plus statutory interest and additions to tax that have accrued or will continue to accrue according to law after that date.  (ECF No. 17-3 at PageID 57.)

Defendant entered into an installment agreement for tax years 2005, 2007, and 2009 in April 2013.  (ECF Nos. 17-3 at PageID 57; 17-4 at PageID 60, 63, 65; 17-5 at PageID 70–71.)  In February 2020, Defendant entered into a second installment agreement for tax years 2005, 2007, 2009, 2015, and 2018.  (ECF Nos. 17-3 at PageID 58; 17-4 at PageID 60, 63, 65, 67.)  But by March 2020, the IRS records show that Defendant was no longer in that installment agreement.  (ECF Nos. 17-3 at PageID 58; 17-4 at PageID 60, 63, 65, 67.)

---

[2] Defendant did not dispute these income tax figures when responding to Plaintiff's statement of facts.  (ECF No. 18-1 at PageID 107–09.)

[3] Defendant did not dispute these total outstanding balances when responding to Plaintiff's statement of facts.  (ECF No. 18-1 at PageID 107–09.)  Defendant disputed only his liability for the outstanding balance for tax year 2007.  (*Id.*)  But Defendant has now withdrawn his response.  (ECF No. 23.)

## ANALYSIS

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the nonmoving party." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). And "[t]he moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If "the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." *Id.* at 448–49; *see also* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587. This means that, if "the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." *Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 914 (6th Cir. 2013) (quoting *Chapman v. United Auto Workers Loc. 1005*, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)); *see also Kalich v. AT & T Mobility, LLC*, 679 F.3d 464, 469 (6th Cir. 2012).

"The government may collect federal income tax by filing a civil action in a district court within ten years after the assessment of the tax." *United States v. Mason*, No. 19-6417, 2020 WL

5126375, at *1 (6th Cir. Aug. 5, 2020) (citing 26 U.S.C. § 6502(a); *United States v. Estate of Chicorel*, 907 F.3d 896, 898 (6th Cir. 2018)).  An "assessment" is "an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002).  And courts presume an assessment by the IRS is correct.  *Mason*, 2020 WL 5126375, at *1; *see also Fior D'Italia, Inc.*, 536 U.S. at 242 ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court.").  In response, therefore, "[t]he taxpayer has the burden of proving that the assessment is incorrect."  *Mason*, 2020 WL 5126375, at *1 (citing *Indmar Prods. Co. v. Comm'r*, 444 F.3d 771, 776 (6th Cir. 2006)).  "If the taxpayer fails to present sufficient evidence that the assessment is incorrect, the government is entitled to summary judgment."  *Id.* (citing *United States v. Hillman*, 60 F. App'x 563, 563–64 (6th Cir. 2003)).

The United States submitted IRS account transcripts for Defendant for tax years 2005, 2007, 2009, 2015, and 2018.  (ECF No. 17-4.)  The Court presumes that the government's assessments are correct, and Defendant submitted no "evidence to prove that they [a]re not."  *See Mason*, 2020 WL 5126375, at *3.  As stated above, Defendant withdrew his response to the summary judgment motion.  (ECF No. 23.)

And so, because Defendant fails to rebut the presumptive correctness of the assessments, the Court finds that the United States is entitled to summary judgment as to Defendant's liability for the tax assessments.  *See Mason*, 2020 WL 5126375, at *3; *see also Fior D'Italia, Inc.*, 536 U.S. at 242; *Indmar Prods. Co.*, 444 F.3d at 776; *Hillman*, 60 F. App'x at 563–64.  This summary judgment includes the income tax liabilities, penalties, and interest for tax years 2005, 2007, 2009, 2015, and 2018, for a total amount of $1,280,673.74 as of August 9, 2021, plus

statutory interest, and other additions to tax accruing thereafter according to law until paid in full.

## CONCLUSION

Based on the above, the Court **GRANTS** the Government's motion for summary judgment. The Court will enter judgment for the Government.

**SO ORDERED**, this 25th day of October, 2021.

                                          s/Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE